BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOUR SHIPPING LIMITED,<br><br>    Plaintiff,<br><br>  -against-<br><br>TKB SHIPPING A/S, a/ka TK BOSEN SHIPPING A/S,<br><br>    Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

  Plaintiff, Nour Shipping Limited ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, TK Bosen Shipping A/S a/k/a TKB Shipping A/S ("Defendant"), alleges upon information and belief as follows:

  1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

  2. At all material times, Plaintiff was and now is a Liberian company.

  3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Denmark or another foreign nation with its offices in Copenhagen, Denmark and no place of business in the United States.

4. By a charter party dated February 26, 2007 ("the Charter"), Plaintiff time-chartered the M/V LADY NOUR ("the Vessel") to Defendant for a period of 6 to 8 months.

5. In breach of the Charter, Defendant kept the Vessel in its service in excess of the period stipulated in the Charter, in a rising charter market, and thereby caused Plaintiff damages in the sum of at least $438,340, no part of which has been paid although duly demanded.

6. Additionally, there was a balance of accounts due Plaintiff at the end of the Charter in the sum of $30,712, which Defendant failed and refused to pay.

7. The Charter provided for arbitration of disputes in London. Plaintiff reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. § 8, and has commenced arbitration.

8. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $80,517 at a rate of 8% per year compounded quarterly for at least 2 years; recoverable legal and arbitral costs will be incurred in pursuing its claim against Defendant in the sum of at least $220,000.

9. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$769,569**.

10. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District, including electronic fund transfers to or from Defendant, in the District which are due and owing or otherwise the property of the Defendant up to the amount of **$769,569** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 17, 2008

                                        Respectfully submitted,

                                        BLANK ROME, LLP
                                        Attorneys for Plaintiff

                                        By _____
                                           Jack A. Greenbaum (JG 0039)
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, NY  10174-0208
                                        (212) 885-5000

## VERIFICATION

STATE OF NEW YORK           )
                            : ss.:
COUNTY OF NEW YORK          )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
17th day of June, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

900200.00001/6644274v.1                 4

BLANK ROME, LLP
Attorneys for Plaintiff
NOUR SHIPPING LIMITED
LeRoy Lambert (LL 3519)
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOUR SHIPPING LIMITED,

        Plaintiff,

-against-

TKB SHIPPING A/S, a/ka TK BOSEN SHIPPING A/S,

        Defendant.

08 Civ.

**AFFIDAVIT UNDER SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK    )
                                 ) ss:
COUNTY OF NEW YORK  )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, TKB SHIPPING A/S, a/ka TK BOSEN SHIPPING A/S ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation, with no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
17th day June, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009